**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT                                                              TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                                 FAX (605) 224-9020

October 6, 2006


Rosemary E. Cotton, Esq.
Attorney for Debtors
1719 West Main
Rapid City, South Dakota  57702

George W. Jenter, D.O.
Sturgis/Piedmont Medical Centers
1010 Ball Park Road, Suite 2
Sturgis, South Dakota  57785

    Subject:  ***In re Jason R. Jutting and Aimee L. Jutting***
                Chapter 7; Bankr. No. 05-50401

Dear Ms. Cotton and Dr. Jenter:

    The matter before the Court is the Motion for Order Directing Clerk of Court to Discharge Judgment Discharged in Bankruptcy filed by Debtors on September 21, 2006.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014.  As set forth below, Debtors' motion will be granted.[1]

    **Summary**.  On January 29, 2002, Sturgis/Piedmont Medical Centers ("the Medical Centers") obtained a judgment against Jason Jutting in state court for $718.21.  On June 3, 2004, the Medical Centers obtained a judgment against Aimee Jutting in state court for $82.17.  On June 28, 2005, Jason Jutting and Aimee Jutting ("Debtors") filed for relief under chapter 7 of the bankruptcy code.  Debtors listed the Medical Centers as an unsecured creditor on their Schedule F.

    On June 30, 2005, the Bankruptcy Clerk served notice of commencement of the case on Debtors' creditors, including the Medical Centers.  The notice of commencement of case clearly stated the deadline for filing a complaint objecting to discharge or to determine the dischargeability of a particular debt was October 3, 2005.

---

    [1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

Re: *Jutting*
October 6, 2006
Page 2

Neither the Medical Centers nor any of Debtors' other creditors filed a complaint objecting to discharge or to determine the dischargeability of a particular debt. On October 4, 2005, Debtors were therefore granted a discharge under § 727 of the bankruptcy code.

On September 21, 2006, Debtors filed a Motion for Order Directing Clerk of Court to Discharge Judgment Discharged in Bankruptcy. The Medical Centers' judgment was listed in Debtors' motion. On September 27, 2006, the Medical Centers filed a letter objection to Debtors' motion, in which it asked the Court not to discharge its judgments.[2]

**Discussion.** Section 524(a)(1) of the Bankruptcy Code provides:

(a) A discharge in a case under this title –

 (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which it was docketed. When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This has the effect of discharging the listed judgments from and after that date.

In this case, the Medical Centers received timely notice of Debtors' bankruptcy. It did not object to Debtors' discharge or to the dischargeability of its claim. Its claim was therefore

---

[2] By letter dated September 27, 2006, the Court informed the Medical Centers that as a formal legal entity it would need to employ an attorney to prepare and file pleadings on its behalf in the future.

Re: *Jutting*
October 6, 2006
Page 3

discharged on October 4, 2005.  Its judgment was voided on that same date.  Debtors are therefore entitled to the relief requested in their motion.

    The Court will enter an appropriate order.

                          Sincerely,

                          Irvin N. Hoyt
                          Bankruptcy Judge

INH:sh

cc:  case file (docket original; copies to parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
**Under Fed.R.Bankr.P. 9022(a)**

**This order/judgment was entered on the date shown above.**

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota